IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMUEL J. MARCHESE, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV122 |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN GAGE, Warden of the | ) | **MEMORANDUM** |
| Tecumseh State Correctional | ) | **AND ORDER** |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made five claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was the victim of prosecutorial misconduct because (1) the prosecution breached the plea agreement; (2) the prosecution misrepresented and/or altered the terms of the plea agreement; (3) the prosecution did not inform Petitioner of his right to withdraw his plea; (4) the prosecutor induced Petitioner to accept the plea agreement; and (5) the prosecutor knowingly used a forged letter at sentencing.

Claim Two: The trial court violated Petitioner's constitutional right to due process and a fair trial by (1) allowing

|  | the prosecutor to breach the plea agreement; (2) imposing an excessive sentence; (3) failing to inform Petitioner of his right to withdraw his plea; (4) allowing the introduction of a forged letter into evidence; (5) failing to recognize that Petitioner's plea was not intelligently and voluntarily given; (6) failing to inform Petitioner of the penal consequences of his plea; and (7) failing to advise Petitioner of his constitutional rights and that Petitioner was waiving those rights by entering a plea. |
|---|---|
| Claim Three: | Petitioner was denied effective assistance of trial counsel because Petitioner's attorney (1) forced Petitioner to accept the plea agreement; (2) failed to object to the prosecutor's breach of the plea agreement or move to withdraw the plea; (3) failed to adequately explain the terms of the plea agreement; (4) gave faulty legal advice by telling Petitioner that he had to respond affirmatively to questions asked by the judge at the plea hearing; (5) failed to raise the insanity defense; (6) failed to conduct a thorough investigation of Petitioner's case; (7) failed to object to the use of victim impact evidence at sentencing; (8) advised Petitioner that he could not speak at the sentencing hearing; (9) failed to fully explain the potential consequences of a guilty or no contest plea; (10) failed to object to the trial judge's imposition of an excessive sentence; (11) allowed Petitioner to plead no contest to kidnaping charges despite knowing Petitioner was |

innocent; and (12) told Petitioner's father not to attend the plea proceedings.

Claim Four: Petitioner was denied effective assistance of appellate counsel because Petitioner's appellate attorney (1) did not perfect Petitioner's direct appeal; (2) failed to communicate with Petitioner and consult with him regarding the need for an appeal; and (3) failed to raise the following issues on appeal: (a) the prosecutor's breach of the plea agreement, (b) the trial judge's imposition of an excessive sentence, (c) the trial judge's admission of a forged document into evidence, (d) Petitioner's innocence of the kidnaping charge, (e) the trial judge's improper acceptance of Petitioner's plea, (f) the involuntariness of the plea, and (g) the ineffectiveness of trial counsel.

Claim Five: Petitioner is actually innocent.

Liberally construed, the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner has filed a Motion for Appointment of Counsel. (Filing No. 4.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing

is required. *See, e.g.,* [Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000)](), *cert. denied*, 531 U.S. 984 (2000); [Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994)](). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

**IT IS THEREFORE ORDERED** that:

1. Upon initial review of the Petition (Filing No. [1]()), the court preliminarily determines that Petitioner's claims are potentially cognizable in federal court.

2. The clerk of the court is directed to mail copies of this Memorandum and Order and the habeas corpus petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3. By **July 7, 2016,** Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 7, 2016: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for

4

Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **July 7, 2016,** Respondent must file <u>all</u> state court records that

5

are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management

6

deadline in this case using the following text: **August 8, 2016**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7. Petitioner's Motion for Appointment of Counsel (Filing No. 4) is denied without prejudice to reassertion.

DATED this 23rd day of May, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge